United States District Court
Southern District of Texas
ENTERED
September 18, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DONALD MAYNE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-3315 |
| | § | |
| FRANK J. BISIGNANO, | § | |
| *Commissioner of the Social Security* | § | |
| *Administration,* | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

This court has reviewed the Report and Recommendation of United States Magistrate Judge Dena Hanovice Palermo on the cross-motions for summary judgment, (Docket Entry No. 22), and the plaintiff's objections to the Report and Recommendation, (Docket Entry No. 23), and made a *de novo* determination. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Judge Palermo recommended denying the plaintiff's motion, (Docket Entry No. 12), and granting the Commissioner's cross-motion, (Docket Entry No. 20). Based on the pleadings, the record, and the applicable law, the court adopts the Report and Recommendation as this court's Memorandum and Order. Judge Palermo's detailed and thorough Report and Recommendation found that substantial evidence supports the ALJ's Residual Functional Capacity determination and that the ALJ applied the correct legal standard.

The objections do not lead to a different result. The plaintiff argues that the ALJ found moderate limitations in social interactions and concentration, persistence, and pace, and then assessed certain restrictions related to those categories, but that the ALJ did not explain adequately

why he chose the particular restrictions and why he left others out, such as limiting interactions with the public but not with coworkers or supervisors. As addressed in the Report and Recommendation, the ALJ explained that he found the limitations and decided the restrictions based on specific opinions and treatment records in the evidence. The plaintiff failed to point to evidence demonstrating a more restrictive Residual Functional Capacity. The cases cited showed that an ALJ appropriately accounts for moderate limitations in social interactions by limiting a claimant's interaction with the public and appropriately accounts for moderate limitations in concentration, persistence, and pace by eliminating production line work and detailed instructions.

As the Report and Recommendation stated:

> [T]he ALJ supported his RFC finding with sufficient discussion of treatment records reflecting largely "normal mental status" examinations, normal thought processes, "intact" thought content, good age-appropriate judgment, improvement with medication and treatment. Furthermore, Plaintiff has failed to demonstrate he cannot understand, remember, and carryout detailed but not complex instructions or needs further limitation to interaction than limited interaction with the public—rather, there are medical opinions that support the RFC determination, which is substantial evidence supporting the RFC . . . . Noticeably absent from [Plaintiff's cited] records is support for Plaintiff's contention that he cannot understand, remember, and carry out detailed but not complex instructions or needs further limitation to interaction than limited interaction with the public.

Docket Entry No. 22, p.25–26.

The plaintiff's objections are overruled. The court adopts the Report and Recommendation as this court's Memorandum and Order. The Commissioner's motion for summary judgment, (Docket Entry No. 20), is granted. The plaintiff's motion for summary judgment, (Docket Entry No. 12), is denied. Final judgment is entered by separate order.

SIGNED on September 18, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge